IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,                    )
        *Respondent*,                         )
                                         )
                                         )
        v.                                 )        11-10069-EFM
                                         )
OLADIPO ADEWUYI,                             )
        *Petitioner.*                         )
                                         )
_____ )

## MEMORANDUM AND ORDER

In July 2011, Defendant Oladipo Adewuyi pleaded guilty, pursuant to an 11(c)(1)(C) plea agreement. He pleaded to a violation of 18 U.S.C. § 1546(a), possession and use of documents as evidence of authorized stay in United States, wherein those documents were fraudulent. He received a sentence of twelve months and one day in prison. Defendant now seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 26). For the following reasons, the Court denies his motion.

## I.  Legal Standard

Under 28 U.S.C. § 2255(a), a prisoner may move to vacate, set aside, or correct his sentence if he claims that his detention violated his constitutional rights. A prisoner is entitled to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[1]  An evidentiary hearing is necessary "[u]nless the motion and the files and

_____

[1] 28 U.S.C. § 2255(b).

records of the case conclusively show that the prisoner is entitled to no relief."[2]  An evidentiary hearing is unnecessary when the factual allegations are contradicted by the record, are inherently incredible, or when they are conclusions rather than statements of fact.[3]

## II.  Analysis

Defendant asserts several reasons why the Court should vacate his sentence.

### A.  Ineffective Assistance of Counsel

Defendant first argues that he received ineffective assistance of counsel because the government promised to secure a temporary visa for him to stay in the United States based on Defendant's cooperation in another case, but this promise was not included in the plea agreement. Defendant contends that his attorney told him it was unnecessary to include this promise in the agreement.

To establish ineffective assistance of counsel, a defendant must show two things: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense.[4] With respect to the first element, a defendant has a heavy burden in proving that his counsel's performance was deficient, and there is a strong presumption that counsel provided adequate assistance.[5]  "To be deficient, the performance must be outside the wide range of professionally competent assistance."[6]  As to the second element of prejudice, a defendant "must show that there

---

[2] 28 U.S.C. § 2255(b); *see also United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995).

[3] *See United States v. Dormer*, 2011 WL 830536, at *1 (D. Kan. Mar. 2, 2011) (citing *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995))).

[4] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[5] *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) (citations omitted).

[6] *Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010) (quotation omitted).

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[7]

Defendant's allegation of ineffective assistance of counsel, based on an alleged promise that was not included in Defendant's plea agreement, is not supported by the record. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."[8] At the plea colloquy, Defendant was sworn in. During this plea colloquy, the Court questioned whether Defendant was lawfully present and a citizen of the United States. The government indicated that Defendant was not lawfully present. The government, however, indicated that the United States was going to seek either paroling Defendant into the United States, or a cooperator's visa for Defendant that would give him temporary lawful admission into the United States, because Defendant was cooperating in another ongoing investigation. The Court then questioned Defendant about his understanding of the immigration issue and the possibility of the United States obtaining a temporary visa.

> The Court: I want to talk to you about the immigration issues. Under law, as a result of your guilty plea in this case, the United States government would have the right to remove you from the United States. Whether you're here lawfully or unlawfully, if you're not a citizen, the United States government has the right to seek to remove you from the United States after you've served any time in prison that you might get for an offense. You understand that that option exists?
>
> Defendant: Yes, Your Honor.
>
> The Court: And Mr. Metzger, counsel for the Government, has just informed the court that they intend to seek at least a delay of that removal, in light of your ongoing

---

[7] *Strickland*, 466 U.S. at 694.

[8] *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

cooperation on an issue, but you understand there's no guarantee that that will happen; do you understand that?

Defendant: Yes, Your Honor.

The Court: And you understand that even if the Government does obtain the delay of your removal proceedings, it seems fairly likely that at the end of that it will ultimately result in your removal from the United States anyway; you understand that?

Defendant: Yes, Your Honor.

The Court: And you understand that that will occur as a result of your pleading guilty in this case; that you may very well later, if not sooner, face removal from the United States? Are you clear about that?

Defendant: Yes, Your Honor.

The Court: And you still want to go ahead with your guilty plea in this case?

Defendant: Yes, Your Honor.[9]

The Court explicitly told Defendant that although the government intended to delay Defendant's removal from the country, there was no guarantee that it would happen. In addition, the Court informed Defendant that he would ultimately be removed from the United States. Defendant stated, under oath, that he understood the immigration issues, but he still wanted to plead guilty. Thus, Defendant's testimony establishes that there is no evidence to support his claim.

In addition, Paragraph 13 of Defendant's 11(c)(1)(C) plea agreement provides:

The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has had the plea agreement read to him, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other

---

[9] Doc. 30, pp. 9-10.

> agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties . . . .[10]

Defendant signed this agreement. And the Court spoke with Defendant about Paragraph 13 by asking Defendant if he was clear that the only agreement between Defendant and the government was that which was contained in the written plea agreement. Defendant responded that he understood. When the Court questioned Defendant whether any promises, other than the one contained in the plea agreement, persuaded Defendant to enter a guilty plea, Defendant responded, "No, Your Honor." Finally, the Court asked Defendant whether he had reviewed the plea agreement with his attorney and whether he understood the provisions in the plea agreement. Defendant answered, "Yes, Your Honor."

Defendant does not meet his heavy burden in showing that his counsel was deficient. Defendant, under oath, stated that his attorney explained the plea agreement to him. This testimony is contrary to Defendant's recently asserted conclusory allegations that his attorney's performance was deficient.

Furthermore, even if Defendant could establish deficiencies with his counsel's performance, Defendant cannot demonstrate any prejudice and therefore cannot establish the second prong of *Strickland*. As stated above, the Court informed Defendant multiple times during the plea colloquy that no promises, other than those contained in the written plea agreement, were part of his plea agreement. Accordingly, Defendant does not show that his counsel's alleged erroneous advice that it was unnecessary to include the promise of a temporary visa in the plea agreement affected his decision to plead guilty.

---

[10] Doc. 19, p. 7.

Several weeks after filing his Motion to Vacate, Defendant filed an affidavit in which he argued that his counsel was ineffective because his counsel failed to advise him of the immigration consequences of pleading guilty as required by the United States Supreme Court in *Padilla v. Kentucky*.[11] He claims that his attorney never told him that he would be subject to deportation. Again, a review of the record demonstrates that Defendant has no basis for this claim because he was informed during the plea colloquy that he would likely be deported as a result of pleading guilty. Furthermore, Paragraph 14 of Defendant's Petition to Enter Plea of Guilty provides: "I have been advised and understand that if I am not a U.S. citizen, a conviction of a criminal offense may result in deportation from the United States, exclusion from admission to the United States, and/or denial of naturalization."[12] Accordingly, Defendant was fully aware of the deportation consequences. Thus, Defendant cannot demonstrate ineffective assistance of counsel.

## B. Voluntariness of Plea

Defendant next asserts that his plea was not voluntary because the United States did not do what it was supposed to do in securing Defendant a temporary visa. In addition, he argues that his plea was not voluntary because his attorney did not explain that a sentence of twelve months and one day would result in deportation.

As noted above, Defendant's allegation is inconsistent with his sworn testimony during the plea colloquy and as set forth in Defendant's plea agreement. The Court informed Defendant that his agreement only contained the promises in the written plea agreement. Furthermore, the Court informed Defendant of his constitutional right to a jury trial; his right to a speedy trial, confrontation

---

[11] __ U.S. __, 130 S. Ct. 1473, 1483-84 (2010).

[12] Doc. 18, p. 3.

of witnesses, subpoena power, and right to remain silent; the government's burden of proof at trial; and that Defendant did not have to plead guilty. Defendant indicated that he understood these rights. Finally, the Court questioned Defendant whether he understood that if he signed the plea agreement, he was admitting that he was in fact guilty of the charged crime and wanted to plead guilty to that crime. Defendant stated that he wanted to plead guilty. Defendant provides no evidence that he did not enter into his plea agreement knowingly and voluntarily.

### C. Prejudice

Defendant also contends that his attorney was prejudiced towards him because of his immigration status. This argument is also based on Defendant contending that his attorney told him that it was not necessary to include the temporary visa promise in the plea agreement. It appears that Defendant's counsel secured a favorable plea agreement for Defendant in which Defendant only pled guilty to one of the two counts against him. During the plea colloquy, Defendant indicated that he spoke with his attorney about the plea agreement and that his attorney explained the plea agreement to him. Defendant offers no evidence that his counsel was prejudiced against him.

### D. Denial of the Right to Appeal in Plea Agreement

Defendant argues that he only agreed to the plea agreement because of the alleged temporary visa agreement, and because the United States did not fulfill their promise, it was unfair to include a denial of the right to appeal in the plea agreement. As already discussed, the government did not make any additional promises to Defendant that were not included in the written plea agreement. Thus, Defendant's argument that he entered into the plea on this basis is not supported by the record. Furthermore, a defendant may lose his right to appeal if he waives that right in an enforceable plea

agreement.[13] Here, the Court discussed this waiver during the plea colloquy and questioned Defendant whether he understood that he was voluntarily agreeing to give up his right to appeal in the plea agreement. Defendant indicated that he understood. Accordingly, the inclusion of this waiver does not make Defendant's plea involuntary.

An evidentiary hearing is not necessary on Defendant's motion because Defendant's factual allegations are conclusory and not supported by the record. Defendant does not provide the Court with a basis for vacating his sentence. Thus, the Court denies his motion.

## III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.[14] To make this showing, the petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[15] For the reasons stated above, Defendant has not made a substantial showing of the denial of a constitutional right, and the Court denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 (Doc. 26) is **DENIED**.

---

[13] *United States v. Smith,* 500 F.3d 1206, 1210 (10th Cir. 2007).

[14] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[15] *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

**IT IS SO ORDERED.**

Dated this 6th day of June, 2012.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE